IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| Plaintiff, | * | |
| | * | Criminal Action No.: RDB-14-0050 |
| v. | * | |
| ABDULMALIK ABDULLA and AHMED MOHSSEN | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Co-Defendants Abdulmalik Abdulla and Ahmed Mohssen are charged by indictment with conspiracy to commit food stamp fraud in violation of 7 U.S.C. § 2024(b) and for violation of 18 U.S.C. § 1343 for conspiracy to commit wire fraud. Presently pending is Defendant Abdulla's Motion for Continuance of Trial Date ("Motion for Continuance," ECF No. 40) and Defendant Mohssen's Opposition to Continuance of Trial Date and Motion to Sever ("Motion to Sever," ECF No. 43).[1] Because Defendant Mohssen's Motion to Sever contains confidential medical information, his Motion for Leave to File Sealed Materials (ECF No. 42) is GRANTED. For the reasons that follow, Defendant Abdulla's Motion for Continuance (ECF No. 40) is GRANTED and Defendant Mohssen's Motion to Sever (ECF No. 43) is DENIED.

After the Co-Defendants were arrested, Defendant Abdulla was released pending a trial scheduled for May 27, 2014, but Defendant Mohssen is presently detained. The Office

---

[1] Pending Motions to Suppress Evidence filed by both Defendants (ECF Nos. 28, 44-46) will be ruled upon in due course by separate proceedings.

of the Federal Public Defender originally represented Abdulla, but withdrew because of a conflict of interest. As a result, new counsel was appointed and entered his appearance on behalf of Abdulla on March 25, 2014. Thereafter, Abdulla moved for a continuance, arguing that the short time period remaining before the scheduled trial precludes effective representation. Mohssen, who is represented by separately retained counsel, opposes continuance and argues in the alternative that the Co-Defendants' trials be severed. The government does not oppose a continuance, but opposes severance.

The Speedy Trial Act permits a continuance only if "the ends of justice served by granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In this case, Defendant Abdulla's recently-appointed counsel must review voluminous discovery regarding allegations of a significant fraud scheme. Moreover, Abdulla's counsel must, through an Arabic language interpreter, explain to his client the nature of the charges, evidence, and procedure involved, and explain all of the options available to him as a Defendant. *United States v. Henry*, 538 F.3d 300, 303-04 (4th Cir. 2008) (noting that analysis is guided by the non-exhaustive list of factors now found in 18 U.S.C. § 3161(h)(7)(B)). As the schedule currently stands, Defendant Abdulla's counsel does not have enough time to properly analyze the case or to meet with his client a sufficient number of times to provide effective representation. The delay that would result from adopting a new trial date of August 4, 2014, proposed in the Letter Order of April 22, 2014 (ECF No. 41)—just more than two months—is not uncommonly long and would not result in prejudice. *United States v. Hall*, 551 F.3d 257, 272 (4th Cir. 2009) (holding that a two-year delay between indictment and trial did not prejudice the defendants). Therefore,

the ends of justice require a continuance of this trial and tolling of the Speedy Trial Act time period.  Accordingly, Defendant Abdulla's Motion for Continuance will be granted.

Defendant Mohssen argues in the alternative that his trial be severed from Defendant Abdulla's trial.  Pursuant to Rule 14 of the Federal Rules of Criminal Procedure, "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).  It is well settled that, barring special circumstances, defendants who are indicted together should be tried together. *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *United States v. Medford*, 661 F.3d 746, 753 (4th Cir. 2011); *United States v. Brugman*, 655 F.2d 540, 542 (4th Cir. 1981).  This presumption is only negated by "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

This Court finds no basis for severance in this case.  Defendant Mohssen does not argue that a joint trial will deprive him of specific trial rights or that a jury will be prevented from reliably judging his guilt or innocence.  Rather, he takes issue with the fact that a continuance will subject him to an additional period of pretrial detention, under conditions he claims will adversely affect his health.  Detention itself does not warrant severance, and Mohssen's health concerns are being adequately addressed through Bail Reform Act proceedings.[2]  18 U.S.C. § 3141, *et seq*.  Therefore, Mohssen's Motion to Sever will be denied.

---

[2] This Court notes that Defendant Mohssen is scheduled to appear before Magistrate Judge Gauvey for a hearing on Thursday, May 15, 2014 at 2:30 p.m.

Accordingly, the following schedule governs the joint trial of both Co-Defendants in this case:

| | |
|---|---|
| **Motions, except motions *in limine*** | **Monday, June 2, 2014** |
| **Motions hearing** | **To be scheduled** |
| **Pretrial conference** | **Tuesday, July 29, 2014 at 4:30 p.m.** |
| **Jury trial (3-4 days)** | **Monday, August 4, 2014 at 9:30 a.m.** |

## CONCLUSION

For the reasons stated above, it is hereby ORDERED that:

1. Defendant Abdulla's Motion for Continuance of Trial Date (ECF No. 40) is GRANTED;

2. Defendant Mohssen's Motion for Leave to File Sealed Materials (ECF No. 42) is GRANTED;

3. Defendant Mohssen's Motion to Sever (ECF No. 43) is DENIED; and

4. The Clerk of the Court transmit copies of this Memorandum Order to counsel for the parties.

Dated: May 14th, 2014            /s/
                                                   Richard D. Bennett
                                                   United States District Judge